UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARTNERS INSIGHT, LLC and
GULF COAST OPTOMETRY, P.A.,
d/b/a GLOBAL CARE
OPTOMETRY,

    Plaintiffs,

v.                                      Case No. 8:22-cv-2100-TPB-JSS

JENNIFER GILL, STEVEN GILL,
EYETASTIC SERVICES, LLC, and
EYETASTIC RECRUITING, LLC,

    Defendants.
_____/

### ORDER DENYING IN PART AND DEFERRING IN PART "PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION"

This matter is before the Court on "Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law," filed on September 23, 2022. (Doc. 21). Upon review of the motion, court file, and record, the Court finds as follows:

### Background

According to the complaint and Plaintiffs' motion, Plaintiff Partners Insight, LLC, provides practice management assistance to optometry practices nationwide, including the recruiting of optometrists, opticians, and ophthalmologists, and advertising campaigns to attract candidates for its clients. Plaintiff Global Care Optometry ("GCO") is a family-oriented optometry practice that provides vision care in various states, including Florida. GCO hired Defendant Jennifer Gill as an Optometric Physician

Recruiter on July 23, 2021. Gill executed a nondisclosure agreement ("NDA") as a condition of her employment. On January 22, 2022, Gill transferred to the same position with Partners Insight. GCO hired Defendant Steven Gill as Director of Professional Relations on May 1, 2015, and he was promoted to Chief Operating & Compliance Officer on February 6, 2017. Steven Gill signed employment agreements in connection with his employment, the most recent of which was dated February 7, 2022, and included non-solicitation provisions.

Plaintiffs assert that Jennifer Gill resigned her employment on April 17, 2022, and that both before and after her resignation, she and Steven Gill violated the NDA and employment agreement (among other breaches of duty) by actions that included setting up Defendants Eyetastic Services, LLC, and Eyetastic Recruiting, LLC, to carry on the same business as Partners Insight and using Plaintiffs' confidential, proprietary information and trade secrets to compete with Partners Insight. On September 9, 2022, Plaintiffs filed a verified complaint asserting claims for misappropriation of trade secrets under the federal Defend Trade Secrets Act and the Florida Uniform Trade Secrets Act, breach of contract, tortious interference, civil conspiracy, defamation, breach of fiduciary duty, and breach of duty of loyalty. On September 23, 2022, Plaintiffs filed a motion seeking a temporary restraining order and preliminary injunction.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b). A no-notice TRO "is an extreme remedy to be used only with the utmost caution." *Levine v. Camcoa, Ltd.,* 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring).

Before considering the efficacy of injunctive relief, the Court must determine the initial threshold matter of whether the movant has provided sufficient justification to seek *ex parte* relief.  *See Xylem, Inc. v. Church*, No. 8:19-cv-304-T-33TGW, 2019 WL 459144, at *3 (M.D. Fla. Feb. 6, 2019).  Under Rule 65(b)(1), a federal court may only issue a TRO without first giving notice to the enjoined parties if the movant provides:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "To obtain *ex parte* relief, a party must strictly comply with these requirements.  They are not mere technicalities, but establish minimum due process." *Xylem*, 2019 WL 459144, at *3 (quoting *Emerging Vision, Inc. v. Glachman*, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 2010 WL 3293351, at *1 (S.D. Fla. Aug. 11, 2010)).  "A [movant] cannot evade the requirements of Rule 65(b)(1) and obtain an *ex parte* restraining order by merely pointing to the merits of its claims."  *Id.* (internal quotation omitted).

If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## Analysis

Without undertaking substantial and unnecessary analysis, the Court finds that Plaintiffs have failed to establish entitlement to a no-notice TRO. Indeed, although Plaintiffs have styled their motion as one for "Temporary Restraining Order and Preliminary Injunction," the motion makes no attempt to address the requirements for a TRO. In particular, Plaintiffs fail to specify facts that clearly show they will suffer immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Plaintiffs have made no showing that injury is so imminent and irreparable that notice and a hearing on their application for preliminary injunction is impractical if not impossible. In light of these deficiencies, the Court is not able to address Plaintiffs' allegations without input from Defendants and is unwilling to permit the use of such an extreme remedy.

Because Plaintiffs have failed to meet the high burden for the issuance of a TRO, to the extent the motion seeks that extraordinary relief, it must be denied. To the extent the motion seeks preliminary injunctive relief, the Court will defer ruling until Defendants have had an opportunity to be heard on the motion. Plaintiffs may request an expedited schedule to address the motion.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law" (Doc. 21) is **DENIED** in part and **DEFERRED IN PART.**

2. The motion is **DENIED** to the extent that it seeks an *ex parte* temporary restraining order, without notice to Defendants and an opportunity for Defendants to be heard.

3. The Court will **DEFER RULING** on the motion to the extent that it seeks a preliminary injunction until such time as Defendants may be heard in opposition.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of September, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**